## FEE & LIDDON v. STATE.

156 So. 541.
Opinion Filed September 21, 1934.

*Fee & Liddon,* for Appellant;

*Angus Sumner,* State Attorney, for Appellee.

BUFORD, J.—Fee and Liddon are attorneys practicing law with offices at Fort Pierce in St. Lucie County, Florida, and have been so engaged in such business for a number of years last past.

On the 21st day of February, 1934, the State Attorney under direction of the Securities Commission of Florida, filed a bill in chancery to enjoin the firm of Fee & Liddon, a co-partnership composed of Fred Fee and Walker Liddon,

from selling securities within the State of Florida as it is alleged in violation of the terms and conditions of the provisions of Chapter 14899, Acts of 1931, as amended by Chapter 16174, Acts of 1933.

The bill of complaint charges as follows:

"That the defendant, Fee & Liddon, a co-partnership composed of Fred Fee and Walker Liddon, is acting as a dealer in securities within this State in that it is selling and offering for sale certain bonds of the City of Fort Pierce, Florida, and of the County of Saint Lucie, Florida, and other bonds issued by various municipal districts of the State of Florida; that the defendant, Fee & Liddon, a co-partnership composed of Fred Fee and Walker Liddon, has failed and refused to register with the said Florida Securities Commission, or post said bond, or pay said registration fee, as required by said Act, and it refuses so to do."

Fee & Liddon answered the bill of complaint and amongst other things alleged:

"These defendants further deny that they, or either of them, individually, or as partners, or as Fee & Liddon Company, are dealers, or salesmen of securities as defined and contemplated in the Florida Securities Act.

"These defendants say that they are practicing lawyers of the 21st Judicial Circuit, and that the defendant, Fred Fee, has been a practicing lawyer in Fort Pierce, St. Lucie County, Florida, for more than twenty-five years last past; and that the defendant, Walker Liddon, has been a practicing lawyer in Fort Pierce, St. Lucie County, Florida, for more than ten years last past, and that as such lawyers they have paid their license taxes to do business in Fort Pierce and St. Lucie County for more than ten years last past.

"These defendants further say that they are each of them the owners of property and taxpayers in Fort Pierce and St. Lucie County.

"These defendants further say that they are individually and as a partnership representing, doing business, counselling and advising Estates, Guardians, Administrators, Corporations and individual owners of property in Fort Pierce and St. Lucie County.

"These defendants further answering say that at the present time St. Lucie County, together with its municipalities and subdivisions is bonded for more than Ten Million Dollars and that its actual value is less than Ten Million Dollars, and that in the view of these defendants the only hope for themselves and their clients realizing any benefit out of their property in St. Lucie County, Florida, is to buy bonds, thus acquiring their share of the aforesaid public debt of St. Lucie County, or to pay taxes with bonds which is the same in effect.

"These defendants further say that the taxes as levied in Ft. Pierce and St. Lucie County has been and are confiscatory and that the only way for these defendants to avoid the total loss of all property in St. Lucie County, for themselves and for their clients is to buy bonds and use them as an offset to the confiscatory taxes.

"These defendants for the aforesaid purposes and for the purposes of the investment of such funds as these defendants can secure to invest for securities issued by City of Fort Pierce, St. Lucie County, St. Lucie County Board of Public Instruction, Drainage Districts of St. Lucie County, and other political subdivisions of the State of Florida.

"These defendants have not advertised any securities for sale. These defendants are not in the business of selling these securities.

"These defendants are not doing anything that they do not believe to be legitimate and ethical legal business. They are not soliciting clients to pay taxes.

"These defendants, however, have bought bonds, and at

times, due to financial difficulties, save been obliged to endeavor to sell bonds that they had or of which they had a temporary surplus, which these defendants believe to be within their constitutional rights.

"These defendants further say that they have at the present time two past due bonds of the City of Fort Pierce which they have been unable to collect by any legal process or otherwise; two bonds of the City of Fort Pierce, maturing May 15, 1934, and a part of an unexpended balance on a bond deposited with the City Clerk of the City of Fort Pierce. They have fourteen bonds of the Fort Pierce Inlet District, of future maturity, but with $180.00 past due coupons attached to each bond. Which said bonds are deposited as collateral security for obligations of defendants, and a part of an unexpended balance of an Inlet bond deposited with the Clerk of Circuit Court, for use in payment of taxes under the Futch Bill.

"These defendants further say that they are not soliciting anyone for the sale of these bonds, but that they might be obliged to sell part of them in order to pay their oligations; and if they do not pay their obligations the St. Lucie County Bank and Mr. J. A. Hawley will be compelled, in self-protection, to sell the bonds to pay the obligations of these Defendants."

It appears from pleadings that a corporation under the name of Fee & Liddon has applied to the Securities Commission of Florida for a permit as dealers in that class of securities referred to in Section 3 of Chapter 16174, Acts of 1933, but with that we are not concerned here as this case is against a co-partnership and does not involve a corporation.

On the bill and answer testimony was taken, and thereupon, temporary injunction was granted, from which Order this appeal was taken.

The record shows that the firm of Fee & Liddon has paid and adjusted large amounts of taxes in Fort Pierce and St. Lucie County for themselves and for clients; that in the payment and adjustment of such taxes they have on many occasions used bonds of the County, Municipality or taxing district affected.

It appears from the record that the appellants have bought some municipal bonds, or at least that Mr. Fee has bought some municipal bonds, and sold them, but there is no evidence that he is a dealer in securities as contemplated by Chapter 14899, Acts of 1931, as amended by Chapter 16174, Acts of 1933. The former chapter in sub-paragraph 4 of Section 1, defines a dealer as follows:

" 'Dealer' shall include every person other than a salesman who in this State engages either for all or part of his time directly or through an agent in the business of selling any securities issued by another person or purchasing or otherwise acquiring such securities from another for the purpose of reselling them or of offering them for sale to the public, or offering, buying, selling or otherwise dealing or trading in securities as agent or principal for a commission or at a profit, or who deals in futures or differences in market quotations of prices or values of any securities or accepts margins on purchases or sales or pretended purchases or sales of securities; provided that the word 'dealer' shall not include a person having no place of business in this State who sells or offers to sell securities exclusively to brokers or dealers actually engaged in buying and selling securities as a business."

It will be observed that this definition does not include an attorney at law who as an incident of his representation of clients pays or adjusts taxes with municipal bonds. It will also be observed that this Act, in sub-paragraph "c" of Section 5, provides as exempt:

"An isolated transaction in which any security is sold, offered for sale, subscription or delivery by the owner thereof, or by his representative for the owner's account, such sale, or offer for sale, subscription or delivery not being made in the course of repeated and successive transactions ·of a like character by such owner, or on his account by such representative, and such owner or representative not being the underwriter of such security."

The Court takes judicial cognizance also of the fact that Chapter 16251, Acts of 1933, is an Act to authorize the acceptance and exchange of bonds or delinquent interest coupons, or other delinquent obligations of Counties, Districts and Municipalities at par in redemption of land from tax sales and in the payment of other evidences of delinquent taxes due the same. In the record there is no evidence of any sale of bonds by either member of the firm of Fee & Liddon, except as the same was an incident to the payment or adjustment of taxes for themselves or for their clients.

As we construe the statute here under consideration the provisions thereof were not intended to apply to transactions of this character performed and conducted by attorneys at law in the discharge of their duties of employment as attorneys for clients in the payment and adjustment of taxes and, therefore, we hold that the transactions shown by the record to have been performed and conducted by Fee & Liddon did not come within the purview of the inhibitions of the statutes.

The order appealed from should be reversed and the cause remanded with directions that the bill of complaint be dismissed.

It is so ordered.

WHITFIELD, TERRELL and BROWN, J. J., concur.